## Alexandria

ANDREA MARY ROSSELLO

v.

K-MART CORPORATION

No. 0306-92-4

Decided November 10, 1992

COUNSEL

Craig A. Brown (Ashcraft & Gerel, on brief), for appellant.

Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellee.

OPINION

WILLIS, J.—On January 15, 1992, the Virginia Workers' Compensation Commission reversed the deputy commissioner's decision to continue benefits to the claimant, Andrea Rossello, finding the evidence insufficient to carry the claimant's burden of proof as to causation. On appeal, Ms. Rossello contends (1) that the commission erred in holding that the burden of proof rested with her to show that her dizziness was causally related to her industrial accident, and (2) that the evidence was insufficient to support the commission's finding that her disability is unrelated to the accident. Because the commission erred in assigning the burden of proof, we reverse and remand.

On June 13, 1990, while working for K-Mart, Ms. Rossello was involved in an automobile accident. On August 30, 1990, pursuant to a memorandum of agreement, the commission issued an award of benefits. The memorandum of agreement described the nature of injury as "back and neck strain." The award order did not describe the nature of disability, but merely approved the memorandum of agreement and ordered benefits "during incapacity."

Ms. Rossello was treated for her injuries by Dr. George White, Jr., an orthopedist. On October 19, 1990, though aware that Ms. Rossello had continuing complaints of dizziness, Dr. White reported that she was ready to return to normal work activity. He referred her to Dr. Crowe for the dizziness. Ms. Rossello had acknowledged pre-accident episodes of dizziness.

On December 13, 1990, K-Mart sought to terminate benefits "on the basis that the claimant no longer suffers disability related to her June 14, 1990 industrial accident."

When Dr. Crowe was deposed on January 30, 1991, he could not attribute Ms. Rossello's dizziness to the accident. However, at the hearing on the employer's application, Dr. Crowe testified that, to a reasonable degree of medical certainty, he believed that Ms. Rossello's dizziness was caused by the accident. He stated that his

testimony differed from his deposition, because after the deposition he had discussed Ms. Rossello's previous dizziness with her and had concluded that her pre-accident episodes of dizziness were different from those after the accident. However, he also said, "I can't say that they are definitely related to the accident." At the time of the hearing, he still had not diagnosed the cause of Ms. Rossello's dizziness precisely, but had narrowed it down to three possibilities.

The deputy commissioner found that "her need to continue follow-up with Dr. Crowe for her dizziness leads us to find that Rossello was not completely recovered." Holding that Ms. Rossello's total disability continued after December 14, 1990, the deputy commissioner denied the application for termination of benefits. The full commission reversed. Noting that Ms. Rossello contended that her continuing disability because of dizziness resulted from the accident, it held that she bore the burden of proving by a preponderance of the evidence the causal connection between those symptoms and the industrial accident. It found her proof insufficient to carry that burden.

Ms. Rossello contends that the commission erred in requiring her to prove a causal connection between her dizziness and the accident. She argues that because the employer initiated this proceeding claiming a change of condition, the burden of proof should have rested on it. We agree.

> Where . . . causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause.

*Celanese Fibers Co. v. Johnson*, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985). *See also Suite v. Clinchfield Coal Co.*, 8 Va. App. 554, 383 S.E.2d 21 (1989), *aff'd*, 9 Va. App. 492, 389 S.E.2d 187 (1990); *Stump Trucking v. Stump*, 12 Va. App. 555, 404 S.E.2d 747 (1991).

> In an application for review of an award on the ground of a change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.

*Pilot Freight Carriers, Inc. v. Reeves*, 1 Va. App. 435, 438, 339 S.E.2d 570, 572 (1986).

A compensation award is an adjudication of the entitlements and obligations of the parties. Such an award continues according to its terms until it is modified or vacated. One who seeks the benefit of modification upon an allegation of change must prove his or her allegation.

The award in this case did not specify a precise disability. It simply recited an industrial accident, a general injury, and consequent disability. In seeking relief from that award, K-Mart bore the burden of proving its claim either that Ms. Rossello was no longer disabled or that such disability did not result from the accident. The commission erred in assigning the burden of proof to Ms. Rossello. This case is reversed and remanded to the commission for redetermination according to the correct burden of proof. We need not address the sufficiency of the evidence.

*Reversed and remanded.*

Koontz, C.J., and Barrow, J., concurred.