COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

GROUNDWATER TECHNOLOGY, INC., ET AL.

v.          Record No. 0094-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
JOHN TROY PARTIN                          OCTOBER 3, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Susan B. Potter (Vandeventer, Black, Meredith & Martin, on brief), for appellants.

Gregory E. Camden (Rutter & Montagna, on brief), for appellee.


The Workers' Compensation Commission (commission) determined that John T. Partin (claimant) suffered a compensable accidental injury, which resulted in both temporary total and temporary partial disability, and awarded attendant benefits. Groundwater Technology, Inc. (employer) appeals, arguing that the evidence was insufficient to support the decision and, further, that the commission "lacked the authority" to award "unspecified" temporary partial disability. We find the evidence adequate to support an award of benefits to claimant, but remand for the commission to fix an award appropriate to the circumstances.

The parties are fully conversant with the record in this case, and we recite only those facts necessary to a disposition of the appeal. "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131,

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

134, 428 S.E.2d 32, 34 (1993) (citing Code § 65.2-706). Under familiar principles, we must consider the evidence in the light most favorable to the prevailing party below, claimant in this instance. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988) (citations omitted); see Code § 65.2-101. An "injury by accident" requires proof of "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). Injuries resulting from repetitive or cumulative trauma are not compensable injuries by accident. Merillat Industries, Inc. v. Parks, 246 Va. 429, 433-34, 436 S.E.2d 600, 602 (1993). A "determination of causation" by the commission is a "factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Here, claimant testified that he experienced a "spike type pain" in his "lower back," when "coming up from a squatting position" to shovel a "load of clay into the back of [a] pickup truck" in the course of his employment. The incident had been

preceded by "a half hour to 45 minutes" of "shoveling" and "some muscle tightening" in claimant's back. However, the "spike" pain was distinctive and caused claimant to terminate the activity and seek medical attention for persistent "back pain."

The medical evidence reflects a diagnosis of "recurrent medically intractable left sciatica," following the "onset of recurrent back pain . . . [when claimant] shoveled . . . wet clay into a pickup truck." An MRI disclosed a "disk fragment . . . producing nerve root impingement," which "correlat[ed] well with [claimant's] complaints and neurologic findings," and surgical intervention was deemed necessary to "achieve long-term remission of [the] problem." The subsequent surgery confirmed and corrected the suspected pathology and was followed by a progressive resolution of the related symptoms.

Such evidence established that claimant suffered an injury attributable to an identifiable work related incident at a definite time which caused an immediate structural change in his body, consistent with the finding of the commission.

Contrary to employer's assertion, the commission's decision is not precluded by the deputy commissioner's conclusion that claimant's credibility was compromised by "inconsistencies" in the record. The commission may reverse an "explicit finding of credibility" by a deputy "when it articulates a basis for its different conclusion that is supported by credible evidence." Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 728, 418 S.E.2d 904, 907 (1992). The commission in this instance dismissed

the "variances" in "claimant's description of . . . his pain" as "minor," a finding supported by the record.

Nevertheless, we must remand the proceedings for specific determination of claimant's temporary partial disability award. Code § 65.2-502 prescribes the formula to ascertain appropriate weekly compensation for partial incapacity. Code § 65.2-705(A) requires the commission to "make an award which, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings." See also Code § 65.2-101. "A compensation award is an adjudication of the entitlements and obligations of the parties." Rossello v. K-Mart Corp., 15 Va. App. 333, 336, 423 S.E.2d 214, 216 (1992); see Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992). The commission must, therefore, decide the proper compensation incidental to its award, attended by the requisite factual findings. Otherwise, the award remains incomplete.

Accordingly, we affirm the decision of the commission, but remand for an award of specific temporary partial disability compensation, accompanied by related factual findings, in accordance with statute.

Affirmed and remanded.