COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


GARY LEE SLOAS

v.          Record No. 0596-95-3     MEMORANDUM OPINION[*] BY
                                     JUDGE ROSEMARIE ANNUNZIATA
BABCOCK AND WILCOX                        JULY 23, 1996
 CONSTRUCTION COMPANY and
 PACIFIC EMPLOYERS INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               William H. Fralin, Jr. (Jolly, Place, Fralin &
               Prillaman, P.C., on briefs), for appellant.

               Ruth N. Carter (William B. Judkins; Midkiff &
               Hiner, on brief), for appellees.


     On June 16, 1993, claimant, Gary Lee Sloas, sustained an

injury to his lower back while working for employer, Babcock and

Wilcox Construction Company.  Employer accepted claimant's claim

and, accordingly, the commission awarded claimant temporary total

disability benefits beginning June 30, 1993.  Except for a

three-week period in September 1993, claimant received temporary

total benefits until June 1994.

     This matter came before the commission on employer's June

1994 application for hearing alleging claimant was able to return

to work as of June 1, 1994 and seeking to terminate the temporary

total benefits award.  Accordingly, employer bore the burden of

proving a change in conditions by a preponderance of the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence. E.g., Rossello v. K-Mart Corp., 15 Va. App. 333, 335, 423 S.E.2d 214, 216 (1992) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438, 339 S.E.2d 570, 572 (1986)). To meet its burden, employer had to prove claimant was "`able fully to perform the duties of his preinjury employment.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (quoting Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)).

The commission found employer met its burden. On appeal, this Court construes the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The commission's findings of fact will be upheld if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

I.

Claimant contends that the opinion of Dr. Thomas Love, the physician who released claimant to return to work, does not provide credible evidence to support the commission's decision on the ground that Dr. Love was not aware of claimant's regular duty work requirements. We disagree.

The evidence shows that claimant's job as a boilermaker required him to work in tight places and do a lot of bending and climbing. Claimant testified that he often had to lift objects weighing over fifty pounds, that he had to lift and use various

tools weighing between 100 and 200 pounds, and that he had to build scaffolding, which required constant pushing of pieces of material weighing forty to sixty pounds.

Admittedly, claimant did not provide his particular job requirements to Dr. Love; nor was Dr. Love given a description of claimant's particular job. However, Dr. Love released claimant without restriction. Accordingly, whether Dr. Love was familiar with claimant's particular duties is immaterial. He released claimant to perform any task.

Furthermore, the evidence shows that Dr. Love was generally familiar with the job duties of a boilermaker. He had other patients who were boilermakers, and he described the job as involving continuous heavy lifting of objects weighing over seventy-five pounds. The commission found that Dr. Love was sufficiently familiar with claimant's job duties. This finding is supported by credible evidence. The specific description given by claimant was within the parameters of Dr. Love's more general description.

## II.

Claimant also contends that Dr. Love's opinion does not provide credible evidence to support the commission's decision on the ground that Dr. Love did not examine claimant on May 18, 1994, the day he released him. We disagree.

Dr. Love, an orthopedic surgeon, first examined claimant in March 1994 on referral from Dr. Philip Fioret, claimant's

treating physician.  At that point, Dr. Love found no objective evidence of an orthopedic problem related to claimant's condition.  Dr. Love noted that the results of claimant's neurological examination and MRI, conducted the previous January and October, respectively, were normal.  However, based entirely on claimant's complaints of pain, Dr. Love diagnosed him with "mechanical low back pain," a condition which Dr. Love acknowledged exhibits no objective physical signs.

Dr. Love recommended aggressive physical therapy for claimant and ordered objective testing of claimant's complaints of pain in the form of a Functional Capacity Evaluation ("FCE").  Dr. Love referred claimant to physical therapy, but claimant continually missed the appointments.  In May 1994, Christopher L. Crank, the physical therapist, conducted the FCE.  Dr. Love read the FCE results as showing no objective indication that claimant suffered back pain.

Claimant again saw Dr. Love May 18, 1994.  Claimant stated that the second visit lasted five minutes and that Dr. Love did not examine him.  However, Dr. Love changed his diagnosis of mechanical back pain.  This change was based on the absence of objective signs of pain as demonstrated by inconsistencies in the FCE, claimant's positive Waddell's testing results, the results of other pain evaluations, and claimant's having done certain automotive work inconsistent with the pain he described.  Dr. Love noted, "[a]t this point there are no restrictions," and

released claimant to return to regular, "full duty" work on June 1, 1994 following two weeks of work hardening.

Credible evidence supports the commission's finding that Dr. Love was sufficiently familiar with claimant's physical condition to release him to return to work. Dr. Love examined claimant in March and found nothing wrong, other than claimant's complaints. When the physical therapy tests later revealed no objective support for claimant's complaints and produced results which were inconsistent with claimant's descriptions of pain, Dr. Love concluded that his original diagnosis of mechanical back pain was incorrect. Additionally, none of claimant's previous physicians had detected any objective findings to support the claimed injury.

Given his examination in March which revealed no objective indication of injury and the subsequent tests results which demonstrated no objective indication of pain, Dr. Love could reasonably concluded that claimant could return to work. The May 18 release simply reaffirmed the absence of an injury.

III.

Claimant also contends that Dr. Love's opinion does not provide credible evidence to support the commission's decision on the ground that Dr. Love's release was prospective. We disagree.

As claimant contends, the commission has held that a prospective release to return to work is insufficient. See Counterman v. Providence Electric Corp., 71 O.I.C. 81, 82 (1992);

- 5 -

Haggins v. American Academy of Otolaryngology, 70 O.I.C. 293, 295-96 (1991).  Dr. Love released claimant to return to work on June 1, following two weeks of work hardening.

Credible evidence supports the commission's finding that the release was not conditioned on claimant's attending work hardening or successfully completing it.  Dr. Love's office note of May 18 states, "At this point, there are no restrictions."  Dr. Love testified that he prescribed the work hardening because he thought claimant was not in good physical condition and would benefit from the program.  Accordingly, the release was effective May 18, and the prescribed work hardening was inconsequential to that decision.

IV.

Claimant also contends that the commission erred in using Crank's physical therapy reports for any purpose.  We find no basis for claimant's contention.  The opinion of the commission specifically states that the commission considered Crank's reports "only so far as Dr. Love relied upon or incorporated them in his own reports."

V.

Claimant next contends that Dr. Love's opinion does not provide credible evidence to support the commission's decision on the ground that it was based, in part, on the findings of a physical therapist.  We disagree.

Dr. Love testified that his decision to release claimant to

return to work was based upon his own evaluation. Contrary to claimant's assertion, the evidence does not suggest that Dr. Love merely adopted Crank's "opinion." Rather, the evidence supports the finding that Dr. Love considered Crank's findings, as well as other medical evidence, in reaching his conclusion that claimant suffered no injury.

## VI.

Claimant also contends that the commission erred in crediting the opinion of Dr. Love over that of Dr. Fioret. We disagree.

The commission based its conclusion that claimant was able to return to pre-injury employment on the "lack of objective findings of injury by any physician who has examined him since the time of the initial injury." On this point, the commission did not credit the opinion of Dr. Love over that of Dr. Fioret. Rather, the commission accepted the uncontradicted opinions of both Drs. Love and Fioret, as well as that of Dr. Powell, that claimant exhibited no objective indicia of injury.

The only relevant distinction between the opinions of Drs. Love and Fioret was that Dr. Fioret was persuaded by claimant's subjective complaints while, in light of the physical therapy reports demonstrating no objective signs of pain, Dr. Love was not. On this disputed point, the commission accepted Dr. Love's opinion. A question raised by conflicting medical opinion is a question of fact to which we must defer. E.g., City of Norfolk

v. Lillard, 15 Va. App. 424, 429-30, 424 S.E.2d 243, 246 (1992).

VII.

Claimant also contends that the commission erred in basing its findings on evidence of claimant's failure to cooperate with medical treatment. The record fails to support this conclusion.

It is clear that, because employer never raised the issue, evidence of claimant's refusal of medical treatment was irrelevant for purposes of barring continued compensation. See Code § 65.2-603(B); Biafore v. Kitchen Equipment Co., 18 Va. App. 474, 478, 445 S.E.2d 496, 498 (1994). The commission did not consider such evidence. The opinion of the commission specifically states, "the claimant's alleged failure to cooperate with medical treatment is not an issue."

However, claimant contends that Dr. Love's opinion was improperly based in part on evidence of claimant's failure to cooperate with treatment and, therefore, does not provide credible evidence to support the commission's decision. We disagree. Claimant's argument goes to the weight that Dr. Love's opinion should be accorded. However, it is peculiarly the function of the fact finder to determine what weight, if any, should be accorded to such evidence. See, e.g., McPeek v. P.W. & W. Coal Co., 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969); Board of Supervisors v. Taylor, 1 Va. App. 425, 431, 339 S.E.2d 565, 568 (1986). Here, it was the prerogative of the commission to credit Dr. Love's opinion that claimant exhibited no objective

signs of injury or pain, notwithstanding his consideration of claimant's failure to attend physical therapy in reaching that opinion.

## VIII.

Finally, claimant contends the commission erred in finding that he had not attempted to return to work since October of 1993.  We agree with claimant that there is a notation in the medical records that claimant attempted to return to work in March 1994.  However, as both parties agree, the issue of claimant's attempts to return to work is irrelevant.  Because the commission's opinion was based on the absence of objective findings of injury by any physician and the opinion of Dr. Love that claimant's physical therapy reports provided no objective indication of pain, any error the commission made in its finding with respect to the dates claimant attempted to return to work is harmless.

For the foregoing reasons, the opinion of the commission is affirmed.

Affirmed.