COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


TULTEX CORPORATION
                                      MEMORANDUM OPINION[*] BY
v.         Record No. 1610-97-3      JUDGE SAM W. COLEMAN III
                                          FEBRUARY 24, 1998
VEOLA G. BROWN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
              Gregory T. Casker (Daniel, Vaughan, Medley &
              Smitherman, P.C., on brief), for appellant.

              Stephen G. Bass (Carter, Craig, Bass, Blair &
              Kushner, P.C., on brief), for appellee.



     Tultex Corporation (employer) appeals from the Workers'

Compensation Commission's decision denying its application to

terminate Veola G. Brown's (claimant) temporary partial

disability benefits based upon a change in condition.  Employer

contends the commission erred by holding that employer failed to

prove that claimant's continuing disability is not causally

related to her January 9, 1994 compensable injury by accident.

Employer also argues that claimant's benefits should be

terminated because she refused selective employment.  We hold

that credible evidence supports the commission's decision and

that employer is procedurally barred from asserting its selective

employment claim in this appeal.  Accordingly, we affirm the

commission's decision.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the party prevailing before the commission. See <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The commission's factual findings are conclusive and binding on appeal if supported by credible evidence in the record. See <u>Lynchburg Foundry Co. v. Goad</u>, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993); <u>Classic Floors, Inc. v. Guy</u>, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).

Viewed accordingly, the evidence proved that claimant suffered a compensable injury by accident on January 9, 1994, when she fractured her right wrist at work. On January 16, 1995, claimant's treating physician, Dr. Michael Wenkstern, performed an "end result examination" on the wrist and determined that claimant continued to experience "aching pain, tightness, and soreness in the wrist." Dr. Wenkstern opined:

> It is unlikely that she will be able to lift heavy [objects] on a regular, continuous basis without some pain and problems with the wrist. For this reason, she should probably have a restriction of no lifting more than 15 or 20 pounds with the right hand alone indefinitely.

He further estimated "a 10% functional impairment of right arm function as a residual of the fracture."

In March 1995, Dr. Wenkstern diagnosed "residual right wrist pain and stiffness" following the fracture and reiterated that Brown was on a lifting restriction due to residual weakness in the wrist. In June 1995, Dr. Wenkstern approved a light duty job

for claimant with employer.  After claimant began this job, she returned to Dr. Wenkstern on June 19, 1995.  Dr. Wenkstern reported that claimant complained of "aching pain and stiffness in the fingers of both hands, more so on the left."  He again diagnosed residuals of the right wrist fracture as well as osteoarthritic flare-up in the joints of both hands.  He stated that claimant's "hand osteoarthritis, particularly on the left, seemed to be bothering her the most, and by her description, is probably why she is having difficulty with her work."  He suggested that claimant take a "medical leave" and noted that "she is out of work because of the hand arthritis and not specifical [sic] the wrist fracture."

In February 1996, claimant was treated by Dr. John Rice who concluded that she suffered from the early stages of inflammatory arthritis "but no erosive disease and no areas of abnormal cartilage calcification."  Employer filed a change-in-condition application seeking termination of claimant's benefits on the ground that her current disability was not causally related to her work-related injury.  The commission denied the application.

We find that credible evidence in the record supports the commission's denial of employer's change-in-condition application.  "In an application for review of an award on the ground of a change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence."  Rosello v. K-Mart Corp., 15 Va. App. 333, 335,

423 S.E.2d 214, 216 (1992) (citation omitted).  Factual findings made by the commission in reviewing an employer's change-in-condition application are "conclusive and binding upon the appellate court if based on credible evidence."  Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 68, 334 S.E.2d 592, 595 (1985).  Here, the commission found that employer failed to prove that claimant's continuing disability was not related to her work-related accident.  Dr. Wenkstern's observations attributing claimant's disability in part to residuals from her right wrist fracture, along with the fact that claimant's lifting restriction had not been removed, constitute credible evidence to support the commission's determination.  Although claimant's continuing disability may have been predominantly caused by a non-work-related osteoarthritic condition, the commission could reasonably conclude from the evidence that residuals from claimant's compensable right wrist fracture continued to be a contributing factor in rendering claimant disabled.  In determining whether credible evidence exists, this Court does not retry the case, reweigh the facts, or make its own determination as to the credibility of the witnesses.  See Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Because credible evidence supports the commission's decision, we must uphold that decision on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1981).

Additionally, employer argues that the commission should

have terminated the benefits because claimant refused selective employment.  Because employer's change-in-condition application alleged only that claimant was no longer disabled as a result of her work-related injury, we may not consider its selective employment argument for the first time on appeal.  <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988).

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>