# Staunton

## Emmett McPeek v. P. W. & W. Coal Company, Inc., Et Al.

September 5, 1969.

Record No. 6991.

Present, All the Justices.

*George C. Sutherland*, for appellant.

*Henry C. Johnson; Eugene K. Street (H. A. Street; Street, Street & McGlothlin*, on brief), for appellees.

Carrico, J., delivered the opinion of the court.

On April 21, 1966, Emmett McPeek, the claimant, filed with the Industrial Commission of Virginia an application for compensation alleging that he was totally disabled by reason of "silicosis in second or third stage" contracted while in the employ of P. W. & W. Coal Company, Inc., the employer. On November 23, 1966, the Commis-

sion, following a hearing, awarded the claimant compensation of $39.00 per week for 26 weeks from November 30, 1965, "on account of silicosis medically determined to be in the first stage." The award was paid as ordered.

On May 25, 1967, the claimant filed a new application alleging a change in his condition and asking for a review of the earlier award.[1] A hearing was held by Deputy Commissioner Rushbrooke who ruled that the application should be dismissed because the claimant had failed to prove a change in condition. This ruling was affirmed by the full Commission, and the claimant was granted an appeal.

The evidence before the Commission at the first hearing showed that the claimant had worked in coal mines for many years. In 1961, he went to work for P. W. & W. Coal Company, Inc., and while in that employment was injuriously exposed to the causative hazards of silicosis. On November 30, 1965, he was diagnosed by a doctor as having silicosis and was told "to quit work."

The medical evidence before the Commission at the first hearing was in conflict. The physicians employed by the claimant reported that he was suffering from second stage silicosis and was unable to work. The doctors employed by the insurance carrier of the employer reported that the claimant did not have silicosis but was suffering from emphysema, causing "a 15% decreased capacity to do physical work." In view of the medical conflict, the Commission appointed a specialist in pulmonary disease to examine the X-ray films upon which the opinions of the other doctors had been based. The specialist reported that the claimant had "stage I silicosis." The Commision's finding of first stage silicosis and the award of compensation for 26 weeks followed.

At the second hearing, one of the physicians employed by the claimant reported that the latter was suffering from "Late 2nd and Early 3rd Stage Silicosis," and another reported that the disease had "advanced to early 3rd stage." The physicians employed by the insurance carrier reiterated their view that the claimant did not have sili-

---

[1] "§ 65-95. *Review of award on change of condition.*—Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the last day for which compensation was paid, pursuant to an award under this Act." [Now Code § 65.1-99.]

cosis. The carrier also submitted written opinions of an internist and of a roentgenologist who had studied X-ray films of the claimant and who reported that there had been no change in the claimant's condition since the time of the first hearing.

In dismissing the claimant's application for review, the Commission ruled that to show a change in condition, Code § 65-53 (20)[2] [now Code § 65.1-56 (20)] required the claimant to prove by medical evidence that the silicosis from which he suffered had "progressed to a stage greater than first stage for which compensation was previously awarded." The Commission concluded that the medical evidence before it "overwhelmingly" demonstrated that there had been no such change in the claimant's occupational disease since the first hearing.

The claimant contends that the Commission erred at the second hearing in placing upon him the burden of showing that the silicosis from which he suffered had advanced beyond first stage and in requiring him to prove such change by medical evidence. The claimant says that medical evidence was unnecessary and that his own testimony to the effect he was totally disabled was sufficient to justify an award of compensation based upon a change in condition.

However, at the opening of the second hearing, the claimant agreed that the change in condition upon which he relied was that he had "developed a greater stage of silicosis from that for which he was previously compensated." Thus, the claimant recognized and accepted the proposition that he was entitled to an additional award only if his condition had changed because his silicosis had advanced beyond the first stage. He had the burden of establishing that change. *Jones*

---

[2] "§ 65-53. *Cases in which incapacity shall be deemed to continue for periods specified in section; compensation.*—In cases included by the following schedule the incapacity in each case shall be deemed to continue for the period specified and the compensation so paid for such injury shall be as specified therein and shall be in lieu of all other compensation:

\* \* \*

"(20) (a) For silicosis medically determined to be in the first stage, whether or not physical capacity for work is impaired, or in the second stage where physical capacity for work is not impaired, 60% of the average weekly wages during twenty-six weeks.

"(b) For silicosis medically determined to be in the second stage, and physical capacity for work is impaired, 60% of the average weekly wages during seventy-eight weeks.

"(c) For silicosis medically determined to be in the third stage, compensation shall be according to the provisions of §§ 65-51 and 65-52."

*Construction Co.* v. *Martin*, 198 Va. 370, 373, 94 S.E. 2d 202, 204 (1956).

And Code § 65-53 (20) [now Code § 65.1-56 (20)] makes clear that each stage of silicosis must be "medically determined." Therefore, the burden of proof upon the claimant required him to establish by medical evidence the progression of his disease beyond the first stage, and the Commission did not err in placing that burden upon him.

The claimant also contends that the Commission erred in holding that the medical evidence did not show a change in condition.

A finding of fact by the Commission, if supported by credible evidence, is conclusive and binding upon this court. Code § 65-94 [now Code § 65.1-98]); *Lewis* v. *Lynchburg Foundry*, 204 Va. 303, 305, 130 S.E. 2d 429, 431 (1963). And a finding upon conflicting medical evidence that a certain physical condition does or does not exist is such a conclusive finding of fact. *Johnson* v. *Capitol Hotel*, 189 Va. 585, 588, 54 S.E. 2d 106, 107-108 (1949).

Here, there was evidence on behalf of the claimant that the silicosis from which he suffered had advanced beyond the first stage at the time of the second hearing. On the other hand, there was evidence on behalf of the employer that there had been no progression of the disease.

It is obvious, from a reading of its written opinion, that the Commission gave greater weight to the doctors' reports submitted by the employer than to those submitted by the claimant. That is especially true with regard to the roentgenologist who, on behalf of the employer, compared the X-ray films taken of the claimant before the second hearing with those taken before the first hearing and who reported that there had been "little if any change" in the claimant's condition in the interval.

There is nothing in the record to suggest that the evidence submitted by the employer was other than credible. It was peculiarly within the province of the Commission to decide what evidence, if credible, was entitled to greater weight. *Kelly* v. *Pendleton Const. Co.*, 182 Va. 191, 194, 28 S.E. 2d 621, 623 (1944).

The Commission resolved the conflict in the evidence before it and found as a fact that the claimant's silicosis had not advanced beyond the first stage at the time of the second hearing. That finding is binding upon us, and the award of the Commission will be affirmed.

*Affirmed.*