COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BILLY H. VANCE
                                        MEMORANDUM OPINION[*]
v.   Record No. 2604-94-3                   PER CURIAM
                                          JUNE 27, 1995
KEEN MOUNTAIN CORRECTIONAL CENTER


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (John M. Heuser; John A. Martin; Browning & Sharp, on
            brief), for appellant.

            (James S. Gilmore, III, Attorney General; James W.
            Osborne, Assistant Attorney General, on brief), for
            appellee.


     Billy H. Vance contends that the Workers' Compensation
Commission erred in finding that he failed to prove that he was
unable to return to his pre-injury work due to a psychiatric
condition causally related to his March 11, 1991 compensable
injury by accident.  Upon reviewing the record and the briefs of
the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     "[I]t is fundamental that a finding of fact made by the
Commission is conclusive and binding upon this court on review.
A question raised by conflicting medical opinion is a question of
fact."  Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d
532, 533 (1986).  In cases of conflicting medical evidence,

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." McPeek v. P.W. & W. Coal Co., 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969).

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that Vance's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission accepted the opinion of Dr. Glenn Freeman, the treating physician, who opined that Vance could not have "injured his psyche as a result of a fall onto his buttock and knee." Dr. Freeman did not believe that Vance suffered any significant psychological stress as a result of the rehabilitation he was undergoing for his compensable injuries. Dr. Freeman stated that any psychological problems that Vance was experiencing were not causally related to his compensable injury by accident. The commission rejected the contrary opinion of Dr. Morgan E. Scott, a psychiatrist who examined Vance at the

2

employer's request.  Two additional psychiatrists who examined Vance, Drs. Stephen Fulmer and David Forester, did not render an opinion concerning causation.  Dr. Freeman's opinion constitutes credible evidence to support the commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Accordingly, we cannot say as a matter of law that Vance's evidence sustained his burden of proof.  Therefore, the decision is affirmed.

Affirmed.