COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


HENRICO COUNTY SHERIFF'S OFFICE
                                    MEMORANDUM OPINION* BY
v.    Record No. 2241-98-2       JUDGE RUDOLPH BUMGARDNER, III
                                        AUGUST 17, 1999
PAUL T. McQUAY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Williams, Lynch & Whitt,
            on briefs), for appellant.

            Malcolm Parks (Ruth E. Nathanson; Maloney,
            Huennekens, Parks, Gecker & Parsons, P.C., on
            brief), for appellee.


     The Henrico County Sheriff's Office appeals the

commission's award of temporary total disability benefits and

medical benefits to Paul T. McQuay, a deputy sheriff, for an

occupational disease arising from his employment.  Henrico

County argues that the commission erred in finding that (1)

McQuay's cardiac arrhythmia constitutes a disease; (2) it failed

to rebut the presumption of Code § 65.2-402; and (3) McQuay was

entitled to benefits under Code § 65.2-401.  McQuay appeals the

commission's finding that he failed to establish a compensable

change in condition.  We affirm the commission's rulings on the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

first two issues, and as a result, we need not address the other two issues.

On appeal, we view the evidence in the light most favorable to McQuay, the prevailing party before the commission.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  So viewed, the evidence established that McQuay was a fifty-six-year-old deputy sheriff responsible for the care, custody and control of jail inmates and for maintaining order and security inside the jail.  When promoted to sergeant, McQuay assumed administrative duties in addition to those of a deputy.  The responsibilities included scheduling shifts, overseeing deputies, and processing paperwork for new committals.

McQuay testified that the job entailed a high level of stress.  His work exposed him to physical violence and danger on a regular basis.  Deputies routinely conducted strip searches and shakedowns to seize contraband and weapons from inmates who often resisted.  McQuay regularly intervened in altercations between inmates and between inmates and deputies, and occasionally he required medical attention for resulting injuries.  He feared being infected with communicable diseases during his close dealings with the prisoners.  While off-duty, McQuay was required to carry his badge and sidearm and to intervene if he observed criminal activity.

During jail renovations in the summer of 1996, civilians worked in the jail and required protection. The deputies had to monitor carefully the tools used by construction workers so the inmates would not gain access to them. McQuay testified that those security concerns "raised the stress level probably two hundred percent."

Other sources of stress for McQuay included the death of his father in an automobile accident in 1993, and the murder of his brother during a drive-by shooting in 1995. The next year, McQuay experienced difficulties with two jail supervisors. The evidence also proved McQuay smoked one pack of cigarettes a day for more than twenty years and consumed twenty beers a week for a period of years. After August 1996, he reduced his intake of nicotine and alcohol by half. McQuay drank two cups of caffeinated coffee per day and occasionally had a caffeinated soft drink.

In August 1996, McQuay was diagnosed with hypertension, cardiac arrhythmia, ectopic heartbeats, and dizziness. Dr. Stephen L. Cavalieri, McQuay's family physician, found him disabled, and the commission awarded benefits for hypertension, an occupational disease, from August 24, 1996 to September 22, 1996. The memorandum of agreement listed the nature of the illness as "Questionable HBP."

McQuay returned to work on September 23, 1996 but became disabled again on November 7, 1996. On February 7, 1997, he

filed an application seeking an award based on a change in condition. McQuay was fired when no one could determine when or whether he could return to work. On April 21, 1997, he amended his claim to include the alternative theory that he had experienced a new occupational disease, cardiac arrhythmia.

The deputy commissioner granted benefits, and Henrico County appealed. The full commission reversed the deputy's finding that McQuay proved a change in condition, but it affirmed the award of benefits finding that McQuay suffered from a new condition, cardiac arrhythmia.

Henrico County argues that the commissioner erred in finding that cardiac arrhythmia constituted a compensable occupational disease. Determining whether a condition constitutes an occupational disease is a mixed question of law and fact and is subject to judicial review. See A New Leaf, Inc. v. Webb, 257 Va. 190, 196, 511 S.E.2d 102, 104 (1999) (citations omitted). In its decision, the commission was required to resolve conflicting medical opinions. "A question raised by conflicting medical opinion is a question of fact." WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997). "A finding of fact made by the Commission, based on evidence deemed by it to be credible, is conclusive and binding on us and . . . is not subject to review." Johnson v. Capitol Hill, 189 Va. 585, 588, 54 S.E.2d 106, 107 (1949) (citations omitted). "The fact that there is contrary evidence

in the record is of no consequence." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). We give deference to the commission's finding of fact in our review of the legal issue.

McQuay experienced premature ventricular contractions, or cardiac arrhythmias, because of some unknown triggering mechanism. The arrhythmias were persistent and occasionally caused a great deal of pain. The medical opinions differed on whether McQuay's cardiac arrhythmia constituted an occupational disease. Dr. Robert E. Sperry, McQuay's treating cardiac electrophysiologist, classified this condition as a "type of cardiac disease." Dr. Charles L. Baird, Henrico County's consultant, classified the condition as an injury and not a disease. He testified that the manner in which the heart was affected constituted a mechanical versus a structural change that would be classified as a disease. However, Dr. Baird acknowledged that the American Heart Association classifies cardiac "arrhythmias (disorders of heart rhythm)" under "other cardiovascular diseases." The commission found Dr. Baird's distinction in the source of McQuay's heart malfunction insignificant. The record supports its finding that McQuay's cardiac arrhythmia was a compensable disease.

Next Henrico County argues that the commission erred in finding that it did not rebut the presumption that McQuay's condition was work related. Code § 65.2-402(B) provides:

> Hypertension or heart disease causing . . .
> any health condition or impairment resulting
> in total or partial disability of . . .
> deputy sheriffs . . . shall be presumed to
> be occupational diseases, suffered in the
> line of duty, that are covered by this title
> unless such presumption is overcome by a
> preponderance of competent evidence to the
> contrary.

In Bass v. City of Richmond Police Dep't, 258 Va. 103, 515 S.E.2d 557 (1999), the Supreme Court held: "[t]o overcome the presumption, the employer must show, by a preponderance of the evidence, both that (1) the disease was not caused by his employment, and (2) there was a non-work-related cause of the disease." Id. at 114, 515 S.E.2d at 562-63 (citation omitted). In this case, the commission considered both parts of that two-part test. It noted that prior to Augusta County Sheriff's Dep't v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997), "the employer had to pass a two-pronged test to rebut the presumption. First, the evidence had to establish a probable non-work-related cause of the disease. . . . Secondly, the evidence had to exclude work-related factors as a possible contributing cause of the disease."

The commission found that Henrico County satisfied one prong of the test because it presented evidence that there were non-work-related causes of the disease, primarily McQuay's consumption of nicotine, alcohol, and caffeine. However, to satisfy the second prong of the test, Henrico County had to exclude McQuay's work as a factor in his condition. This it

- 6 -

failed to do.  To the contrary, the commission found "the evidence is sufficient to prove [McQuay's] work was a proximate cause of his cardiac arrhythmia."

The record supports the commission's finding.  McQuay's use of nicotine, caffeine and alcohol contributed to the origination and continuation of his cardiac arrhythmia.  While Dr. Baird said those factors caused McQuay's condition and Dr. Sperry said smoking was the primary cause, neither doctor conclusively ruled out work stress as a contributing factor.  McQuay's first primary physician, Dr. Cavalieri, reported on August 26, 1996 that "the exact etiology of his symptamology is unclear, although it is very clear there is a lot of stress at work and this is a trigger factor."  Dr. Cavalieri reported on September 3, 1996 that "I think out of the blue, [McQuay] has developed hypertension and I believe is related to job stress . . . ."  His subsequent family physician, Dr. Kimberly L. Bird, reported on February 12, 1997 that there were "multiple contributing factors.  [McQuay] has an enormous amount of stress from different areas . . . . Additionally, his work itself is very stressful."

When medical opinions conflict, the general rule is that when an attending physician is positive in his diagnosis of a disease, great weight will be given by the courts to this opinion.  See McPeek v. P.W. & W. Coal Co., 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969).  Based on the entire record, the

commission properly concluded that McQuay's cardiac arrhythmia was caused, at least in part, by the significant stress he experienced in the line of duty.  Henrico County failed to rebut the statutory presumption by excluding work stress as a contributing factor.

For the reasons stated, we affirm the commission's award of benefits.  Because we affirm the award, we need not address other issues raised.

<u>Affirmed.</u>