COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


CLINCH VALLEY MEDICAL CENTER AND
 TRANSPORTATION INSURANCE COMPANY
                                        OPINION BY
v.    Record No. 0828-00-3       JUDGE RUDOLPH BUMGARDNER, III
                                      DECEMBER 19, 2000
JOHNNIE S. HAYES


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ramesh Murthy (Lisa Frisina Clement; Penn,
            Stuart & Eskridge, on briefs), for
            appellants.

            D. Edward Wise, Jr. (Arrington, Schelin &
            Herrell, P.C., on brief), for appellee.


     Clinch Valley Medical Center appeals the continuation of an

award of benefits to Johnnie S. Hayes by the Workers'

Compensation Commission.  The employer contends the commission

(1) acted without authority when it authorized a deputy

commissioner to sit with two commissioners to review a

termination of the award opinion and (2) erred when it found the

employer failed to prove the employee's condition was not

related to the work accident.  We conclude the commission did

not err and affirm its decision.

     The employee fell and hit the back of his head on concrete

stairs.  The commission awarded benefits commencing October 31,

1998 pursuant to a memorandum of agreement.  On June 23, 1999,

the employer filed an application alleging the employee's current condition was not related to the work accident. The deputy commissioner granted the application and terminated compensation. On a review of the record, a deputy commissioner sat with two members of the commission. They concluded the employer "failed to prove that the effects of the work accident have fully dissipated, and that the [employee's] continuing disability is due entirely to another cause" and reinstated the employee's benefits. The employer filed a motion to reconsider and argued a deputy could not sit in place of one of the three members of the commission to hear the review.

The three members of the commission considered the motion to reconsider and denied it unanimously. They reasoned the commission was responsible for adjudicating all issues and controversies relating to the Workers' Compensation Act. Code § 65.2-201(A).[1] The commission had the authority to make rules and regulations for carrying out the Act. The commission could appoint deputies as necessary to carry out its responsibilities

---

[1] Code § 65.2-201. General duties and powers of the Commission.
A. It shall be the duty of the Commission to administer this title and adjudicate issues and controversies relating thereto. The Commission shall make rules and regulations for carrying out the provisions of this title.
B. The Commission may appoint deputies, bailiffs, and such other personnel as it may deem necessary for the purpose of carrying out the provisions of this title.

-

under the Act, Code § 65.2-201(B), and deputies exercised such powers and duties as delegated by the commission.  Code § 65.2-203(A).[2]

The commission explained the need to delegate deputy commissioners to sit with members because of the expanding work of the commission.  The volume of cases, together with their increasing complexity and length, had increased the demands on the commission while the need for timely resolution of the cases had remained constant.  In addition to its adjudicatory responsibilities, the commission noted that it had responsibility for administering the Act and setting policy.

The employer argues Code § 65.2-705[3] limits the general powers of the commission to delegate duties to deputies.  A

_____

[2]        Code § 65.2-203. Powers and duties of deputy commissioners and bailiffs.
        A.  Deputy commissioners shall have the power to subpoena witnesses, administer oaths, take testimony and hear the parties at issue and their representatives and witnesses, decide the issues in a summary manner, and make an award carrying out the decision.  Deputies may exercise other powers and perform any duties of the Commission delegated to them by the Commission.

[3]        Code § 65.2-705. Review of award; rehearing.
        A.  If an application for review is made to the Commission within twenty days after receipt of notice of such award to be sent as provided in subsection A of § 65.2-704, the full Commission, except as provided in subsection B of § 65.2-704 and if the first hearing was not held before the

-

deputy commissioner can sit in place of a commissioner but only when the commission reviews a case by <u>ore</u> <u>tenus</u> hearing of the parties, their representatives, and witnesses. The employer contends a deputy commissioner may not sit when the review is a review of the record without an appearance by the parties, representatives, and witnesses.

The employer argues Code § 65.2-705(A) mandates a review by the full commission, the three members acting jointly, with only one exception. That exception is created by the phrase "to hear a review" in Code § 65.2-704(B), which is incorporated by reference. Code § 65.2-705(A) authorizes two methods for review: "review the evidence," and "hear the parties at issue, their representatives, and witnesses." The employer contends the phrase "to hear a review" is a specific reference to the second type of review and thus limits the exception to a review of that sort. Thus, the employer concludes the chairman can appoint a deputy only when the commission hears the parties at issue.

---

full Commission, shall review the evidence
or, if deemed advisable, as soon as
practicable, hear the parties at issue,
their representatives, and witnesses. The
Commission shall make an award which,
together with a statement of the findings of
fact, rulings of law, and other matters
pertinent to the questions at issue, shall
be filed with the record of the proceedings.
A copy of the award shall be sent
immediately to the parties at issue.

-

Chapter 2 of the Workers' Compensation Act formulates the commission and defines its powers and duties.  It gives the three members of the commission joint or collective responsibility for administering the Act and adjudicating the issues and controversies arising from it.  Code § 65.2-201(A).  It gives the commission corporate authority to delegate powers and duties to deputies to carry out its responsibilities.  Code § 65.2-203(A).  The commission acted under this authority when it appointed a deputy to sit with two members of the commission to review the termination of the award in this case.

Chapter 7 of the Act, entitled "Procedure in Connection with Awards," outlines the procedures for hearing parties at issue.  It permits the full commission, a member, or a deputy to make an initial award.  Code § 65.2-704(B).[4]  However, it forbids

_____

[4]        Code § 65.2-704. Hearing; award or opinion by Commission.
        A.  The Commission or any of its members or deputies shall hear the parties at issue, their representatives, and witnesses; shall decide the issues in a summary manner; and shall make an award or opinion carrying out the decision.  A copy of the award or opinion shall be sent immediately to the parties at issue by registered or certified mail.
        B.  Any member of the Commission who hears the parties at issue and makes an award under the provisions of subsection A of this section shall not participate in a rehearing and review of such award provided under § 65.2-705.  When a member is absent or is prohibited by the provisions of this subsection from sitting with the full Commission to hear a review, the Chairman

-

an individual member, who made an award, to sit in review of that award. When that occurs, the statute authorizes the chairman to appoint a deputy to sit in place of the member disqualified. The provision also authorizes the chairman to appoint a deputy to sit in review if a member is absent.

Chapter 7 also outlines the procedure for reviewing an award. It directs the full commission to hear appeals. Code § 65.2-705(A). It contemplates a review of the evidence presented to the first <u>ore</u> <u>tenus</u> hearing or a review by a new <u>ore</u> <u>tenus</u> hearing of the parties, their representatives, and witnesses. The commission has discretion to chose which method to use; it shall "review the evidence or, if deemed advisable, . . . hear the parties at issue." Code § 65.2-705(A).

The procedural provisions of Chapter 7 do not limit the powers granted to the full commission in Chapter 2. They provide the means to constitute a three-person review body when the commission could not act because the full complement of three members did not exist. The procedures fill a void when the commission would not be able to exercise its Chapter 2 powers. In one case, the full commission did not exist because of absence, in the other because of disqualification. Code § 65.2-704(B) speaks to the chairman's authority. It empowers the chairman, individually, to name a deputy to act with the two

shall appoint one of the deputies to sit
with the other Commission members.

-

members who are present and qualified.  In granting the chairman authority to act when the full commission would not be available, the statute does not thereby limit the authority of the full commission to act in other situations.

"It is a well settled principle of law that where two statutes are in apparent conflict they should be so construed, if reasonably possible, so as to allow both to stand and to give force and effect to each."  Kirkpatrick v. Board Of Supervisors, 146 Va. 113, 125, 136 S.E. 186, 190 (1926) (citation omitted).  "The doctrine that a special act should be construed as an exception to the general law is not to be invoked unless the two acts cannot be harmonized or reconciled in any other way."  Id.  "Where two provisions are in potential conflict, it is this Court's duty to construe those provisions in a manner which would give full force and effect to both provisions."  Cooper v. Occoquan Land Dev. Corp., 8 Va. App. 1, 6, 377 S.E.2d 631, 633 (1989) (citation omitted), rev'd on other grounds, 239 Va. 363, 389 S.E.2d 464 (1990).  "It is a well established rule of construction that full force and effect must be given to each provision of statutory law."  City of Richmond v. County Board of Supervisors, 199 Va. 679, 685, 101 S.E.2d 641, 646 (1958).

There is no good reason to interpret the statute to permit the chairman to appoint a deputy for the most complete and formal type of review but to prohibit appointment for the less involved, less intricate, review on the record.  Similarly,

-

there is no reason for the most involved review to lack an employer representative if fairness demands such representation and it is the reason for requiring review by members only.[5]

Even if the phrase "to hear a review" is given the meaning the employer urges, the statute would limit the chairman only when faced with disqualification of a member who made the initial award.  As the phrase "to hear a review" appears in Code § 65.2-704(B), it does not modify both conditions under which the chairman can act:  a member being absent or being prohibited.  It does not apply to appointments of deputies when a member is absent.  The phrase "to hear a review" appears in the prepositional phrase that modifies the passive verb "is prohibited."  The phrase does not modify the adjective "absent" and accordingly cannot restrict its meaning.  The chairman can appoint a deputy for either type of review when absence creates the need.

The phrase "to hear a review" as employed in Code § 65.2-704(B), refers to both methods of review, whether by review of the evidence in the record or by physical appearance before an ore tenus hearing by the tribunal.  The verb "to hear"

---

[5] The commission noted that Code § 65.2-200(D) requires the commission to consist of employee and employer representatives, but the commissioners only act in their representative capacity when establishing policy.  When acting in an adjudicatory capacity, the commission members must be fair and impartial. They are subject to Canon 3 of the Canons of Judicial Conduct and the Judicial Inquiry and Review Commission.  Code § 2.1-37.1.

-

employs the same meaning used by the phrase "hearing in equity": to adjudicate, to decide, or to examine judicially. It is not used in the sense of perceiving by ear. See Gills v. Gills, 126 Va. 526, 541, 101 S.E. 900, 904 (1920).

The employer further maintains that even if a deputy properly sat in this case, the commission acted improperly because it provided no notice of the substitution or opportunity to object. The employer argues the commission "overstepped its statutory bounds under the framework established by the General Assembly." There is no language in the statute requiring notice to the parties or a hearing before the chairman appoints a deputy to act for an absent commissioner. Code § 65.2-704(B).

Lastly, we consider the commission's decision that the employer failed to prove the employee's current condition was unrelated to the work accident. "Where . . . [a] causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause." Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985). The employer must prove the employee's current disability does not result from the industrial accident by a preponderance of the evidence. Rossello v. K-Mart Corp., 15 Va. App. 333, 335, 423 S.E.2d 214, 216 (1992). Causation is usually proven by medical

-

evidence.  See Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 570,
159 S.E.2d 633, 635 (1968).

Shortly after the employee's fall, he saw a neurologist
because of headaches.  The neurologist diagnosed a
post-traumatic soft-tissue mass causing obstructive
hydrocephalus and referred the employee to Dr. John Jane, a
neurosurgeon.  Dr. Jane inserted a shunt to allow drainage and
planned to remove the tumor later.  The employee had continuing
complications and required surgery to relieve pressure from
subdural hematomas. Dr. Jane performed those procedures and
concluded the tumor, not the trauma from the fall, caused the
hydrocephalus and the subdural hematoma.  Dr. Jane was not sure
when the tumor developed but felt it more likely that the tumor
did not pre-exist the trauma.  The trauma brought on the
symptoms.

In January 1999, the employee sought a second opinion from
Dr. William C. Broaddus, also a neurosurgeon.  The doctor
initially agreed with Dr. Jane's diagnosis, but after following
the employee for eight months, he changed his opinion.  Dr.
Broaddus felt either the mass was not a tumor or it could have
existed for many years without posing a problem.  Dr. Broaddus
concluded the fall caused the hydrocephalus because the employee
was healthy before the fall, the mass failed to grow in size,
the biopsy of the mass was inconclusive, and the ventricles had

-

returned to normal.  He believed the mass did not cause the hydrocephalus though it may have pre-existed the fall.

The commission evaluated the conflicting medical evidence and concluded that Dr. Jane's opinions and testimony were internally inconsistent and "insufficient to prove the absence of a continuing causal relationship between the work accident and the claimant's present disability."  It concluded the claimant's "work accident accelerated the need for the surgical condition of the hydrocephalus, and that the employer is responsible for the side effects of this surgery."  Olsten v. Leftwich, 230 Va. 317, 319-20, 336 S.E.2d 893, 895 (1985); Dan River, Inc. v. Turner, 3 Va. App. 592, 596, 352 S.E.2d 18, 20 (1987) (industrial accident that accelerates or aggravates a pre-existing condition is compensable).

The commission resolves conflicts in the medical evidence, and its decision when based upon credible evidence is binding on this Court.  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986).  A determination of legal causation is a factual finding that will not be disturbed on appeal when it is supported by credible evidence.

Accordingly, we affirm the decision of the commission.

Affirmed.

-