COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Beales and Huff
Argued at Richmond, Virginia


COUNTY OF HENRICO

v.      Record No. 1647-11-2

JOHN O. HENRY
                                                    MEMORANDUM OPINION[*] BY
                                                     JUDGE GLEN A. HUFF
JOHN O. HENRY                                          FEBRUARY 7, 2012

v.      Record No. 1661-11-2

COUNTY OF HENRICO


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Ralph L. Whitt, Jr. (Corey R. Pollard; Whitt & Del Bueno, PC, on
        briefs), for County of Henrico.

        Brody H. Reid (Reid Goodwin, PLC, on briefs), for John O.
        Henry.


        These separate appeals arise from a judgment of the Virginia Workers' Compensation

Commission ("commission") in which the commission awarded compensation to John O. Henry

("Henry") for his L4-L5 disc injury, finding it was caused by the October 29, 2010 work-related

accident ("accident"). In making this award, the commission relied on Dr. William White's

("Dr. White") opinion. In addition, the commission found that Henry's depression was not

compensable because Dr. Richard Curtis ("Dr. Curtis"), a psychiatrist, did not opine that the

depression was causally related to the accident.

―――――――――――――――

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The County of Henrico ("County") appeals contending that the commission erred in 1) finding that the accident caused a new injury to Henry's lumbar disc at L4-L5 when there was no evidence, credible or otherwise, to support it, and 2) finding that the medical treatment rendered by Dr. White was authorized and was the responsibility of the County when the County never denied the claim, Henry had chosen Dr. E. Claiborne Irby ("Dr. Irby") as his treating physician, Dr. Irby referred Henry to Dr. White for a non-work-related condition, and Henry went to Dr. White on his own.[1]

Henry also appeals arguing that the commission erred in holding that the evidence failed to establish that Henry's depression is related to the accident.[2] Because these appeals involve common facts, proceedings, and issues of law, we consolidate them for purposes of this decision. See Bennett v. Commonwealth, 8 Va. App. 228, 229 n.1, 380 S.E.2d 17, 18 n.1 (1989). In addition, as the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

For the following reasons, we affirm the judgment of the commission.

---

[1] On brief, County also alleged as a separate assignment of error that, "[t]he Commission erred in concluding that the January 6, 2011 MRI [("2011 MRI")] showed findings that were not present before the accident and that the disc herniation at L4-L5 changed its form after the . . . accident when such findings were not supported by any credible evidence and were actually contrary to the medical evidence." County, however, never addresses this assignment of error on brief separate from its first assignment of error. Therefore, we do not address it outside the context of the first assignment of error. See Rule 5A:20(e).

[2] On appeal, Henry also contends that the commission erred "in not considering the medical records and opinions of Mr. John H. Hamlett, M.Ed., M.DIV., a licensed professional counselor when deter[min]ing if [Henry] had met his burden of proving [the] causal relation of his depression to the compensable . . . accident." Henry, however, did not appeal the deputy commissioner's decision on this issue to the commission, and thus Rule 5A:18 bars our consideration of the issue for the first time on appeal. Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011).

## I. STANDARD OF REVIEW

"Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them." Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993) (citation omitted). "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'" Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)).

## II. ANALYSIS

### A. L4-L5 Disc Causation

County first contends on appeal that the commission erred in finding that the accident caused a new injury to Henry's lumbar disc at L4-L5 when there was no evidence, credible or otherwise, to support it.

"Determination of causation is a factual finding," id. (citation omitted), and "is usually proven by medical evidence." Clinch Valley Med. Ctr. v. Hayes, 34 Va. App. 183, 192, 538 S.E.2d 369, 373 (2000). Well-settled principles establish that the

> "question [of causation] raised by 'conflicting expert medical opinions' is one of fact." Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981). Thus, the commission's "finding upon conflicting medical evidence that a certain condition does or does not exist is . . . a conclusive finding of fact." McPeek v. P.W. & W. Coal Co., 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969). "The deference that we give to the commission's fact finding on medical questions is based upon the 'unwisdom of an attempt by . . . [courts] uninitiated into the mysteries [of the medical science debate] to choose between conflicting expert medical opinions.'" Stancill v. Ford Motor Co., 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992).

Ga.-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 268-69 (2000) (alterations in original). Where there is conflicting medical evidence,

> the Supreme Court has established the rule as follows: "The general rule is that when an attending physician is positive in his diagnosis of a disease, great weight will be given by the courts to his opinion. However, when it appears . . . that the diagnosis is shaded by doubt, and there is medical expert opinion contrary to the opinion of the attending physician, then the trier of the fact is left free to adopt that view which is most consistent with reason and justice."

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (quoting

McPeek, 210 Va. at 188, 169 S.E.2d at 445; Baltimore v. Benedict Coal Corp., 182 Va. 446, 453,

29 S.E.2d 234, 237-38 (1944); Bristol Builders' Supply Co. v. McReynolds, 157 Va. 468, 471,

162 S.E. 8, 9 (1932)). "An employee's testimony may [also] be considered in determining

causation, particularly where the medical evidence is inconclusive." Howell Metal Co. v.

Adams, 35 Va. App. 184, 188, 543 S.E.2d 629, 631 (2001) (citation omitted).

Credible evidence in the record supports the commission's finding that there was a new

injury to Henry's L4-L5 lumbar disc, which was causally related to the accident. Henry testified

that his lower back pain had been on the right side prior to the accident, but that the pain was on

the left side after the accident. Henry specifically stated that the symptoms after the accident

were on the "left side. I have . . . I have pain on the left side as opposed to the right side. . . . The

problem is on my left side." Dr. Irby's notes on December 14, 2010 also affirm that Henry

complained of continued pain in his left lower back and left buttocks as well as a swollen area

laterally, which was also noticed in physical therapy. The physical therapist's notes also

indicated that Henry continued to have pain in his left lower back that radiated to his left hip.

In addition, the July 20, 2010 MRI ("2010 MRI") and 2011 MRI readings as well as

Dr. White's review of both MRIs further supports the commission's finding.[3] On July 20, 2010,

---

[3] This Court considers on appeal the 2010 MRI as well as the 2011 MRI as both MRI interpretations are in the record. See Rule 5A:7; Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and

Dr. Michelle Kraut, with MRI of Richmond, reviewed the 2010 MRI, and noted that at the L4-L5, "[t]here is a moderate disc extrusion with mild superior migration in the central and *right* paracentral region. There are short pedicles. There is mild to moderate central canal stenosis. The disc abuts bilateral L5 nerve roots, and slightly compresses the *right* L5 nerve root. There is mild bilateral neural foraminal narrowing." (Emphasis added). On September 29, 2010, Dr. White reviewed Henry's 2010 MRI scan, and noted that it showed "a spinal stenosis at L4-L5 with a central and *right-sided* disc herniation at that level and this was really not there on his 2007 studies except for some stenosis." (Emphasis added).

In contrast, the reading of the 2011 MRI indicated that "[t]here is a moderate broad based predominantly central and right paracentral disc protrusion present. Protrusion extends to the *left* neural foramen where in conjunction with facet hypertrophy and arthropathy mild *left* neural foraminal stenosis is present." (Emphasis added). Dr. White also reviewed the 2011 MRI in comparison to the 2010 MRI, and noted that "the disc herniation that [Henry] had has subsided somewhat, but he continues to have a significant spinal stenosis and a flat back." The 2011 MRI delineates that the protrusion extended to the left side, in contrast to the 2010 MRI. Lastly, Dr. White opined in his February 4, 2011 letter to the claims adjuster that Henry aggravated his back injury in the accident and that while Dr. White could not figure out the exact amount of contribution the accident had on Henry's back problems, it was "certainly . . . not insignificant." In reaching this conclusion, Dr. White noted Henry's history of back problems and that Henry's pain was on the left side subsequent to the accident.

Turning to Dr. Irby's medical opinion of causation, the commission gave little weight to Dr. Irby's opinion that the L4-L5 disc injury was not causally related to the accident, citing

cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." (citation omitted)).

Dr. Irby's change in opinion, Dr. White's opinion, and Henry's testimony. The commission did not err in giving more weight to Dr. White's opinion, which was "consistent with reason and justice," Pilot Freight Carriers, Inc., 1 Va. App. at 439, 339 S.E.2d at 572 (citations omitted), and we will not substitute our judgment for that of the trier of fact. Therefore, the commission's finding that Henry's L4-L5 disc injury was caused by the accident is supported by credible evidence and is not plainly wrong. Thus, we are bound by it.

### B. Compensable Medical Treatment: Dr. White

County also asserts that the commission erred in finding that Henry's treatment with Dr. White, even if causally related to the accident, was authorized and the County's responsibility. Specifically, County contends that Dr. White's treatment was not authorized and the responsibility of the County in that the claim had never been denied by the County, Henry had chosen Dr. Irby as his treating physician, who then referred Henry to Dr. White for a non-work-related condition, and Henry went to Dr. White on his own.

Code § 65.2-603(A)(1) provides, in pertinent part, that an employer "shall furnish or cause to be furnished" the "necessary medical attention" to treat its employee's compensable injury. "Whether the employer is responsible for medical expenses pursuant to Code § 65.1-88[, now codified in Code § 65.2-603,] depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). "So long as a causal relationship between the industrial accident and the complaints which are the subject of the referral is shown, the employer is financially responsible for the medical attention which the attending physician deems necessary, subject to review by the Commission." Id. at 200, 336 S.E.2d at 906 (citation omitted).

> The rule is well settled that an employee may change a treating physician *when referred by the authorized treating physician*, when confronted with an emergency, or when given permission by the commission or the employer. The issue whether a treating physician has made a valid referral of his patient to another physician for treatment is a factual question.

K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005) (emphasis added) (citations omitted).

The medical evidence supports the commission's finding that Dr. White's treatment of Henry was authorized based on Dr. Irby's referral of Henry to Dr. White for medical treatment that was causally related to the accident, and thus is the responsibility of the County. As noted above, Henry's injury to his left lower back was causally related to the accident, and thus Dr. White's treatment of Henry's lower back was for medical services causally related to the accident. In addition, the evidence is clear that Dr. Irby referred Henry to Dr. White and, in fact, recognized that Dr. White was Henry's treating physician.

On December 14, 2010, Dr. Irby concluded his notes by providing "[a]t this point, I am going to transfer [Henry's] care to Dr. . . . White. . . . At this point, I will consider his care transferred over [to] Dr. . . . White." Dr. White also noted on December 15, 2010 that Dr. Irby had transferred Henry's care to Dr. White. Then on January 4, 2011, in response to a letter from the claims adjuster seeking clarification of his referral of Henry to Dr. White, Dr. Irby replied, "patient request[ed] change in treating MD which I believe is appropriate." Therefore, we hold that credible evidence in the record supports the commission's finding that Dr. Irby referred Henry to Dr. White for medical treatment of injuries that were causally related to the accident. Accordingly, the commission did not err in finding the County was responsible for Dr. White's treatment.

C.  Depression Causation

Lastly, Henry asserts that the commission erred in finding the evidence failed to establish that Henry's depression is causally related to the compensable accident.

As noted above, "[d]etermination of causation is a factual finding," Amelia Sand Co., 43 Va. App. at 408, 498 S.E.2d at 751 (citation omitted), and "is usually proven by medical evidence," Clinch Valley Med. Ctr., 34 Va. App. at 192, 538 S.E.2d at 373.  In addition, "[a]n employee's testimony may be considered in determining causation, particularly where the medical evidence is inconclusive." Howell Metal Co., 35 Va. App. at 188, 543 S.E.2d at 631 (citation omitted).[4]

Credible evidence in the record supports the commission's finding that "the evidence . . . fails to preponderate that the claimant's depression is related to the . . . accident."  Dr. Curtis opined on February 16, 2011 that Henry had major depression, chronic pain, and severe psychological and environmental stressors from job/school performance and health.  Dr. Curtis also noted that Henry reported he had a lot of stress on the job, felt like he had no control, and that his therapist stated he was depressed.  Yet, nothing in Dr. Curtis's notes indicates that Henry's "major depression" was causally related to the accident.

---

[4] On brief, Henry contends that when the commission reverses a deputy commissioner's significant finding of fact, it must demonstrate how it reached the contrary conclusion based on Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987).  We disagree.  In Goodyear, this Court held that the commission cannot disregard the deputy commissioner's finding regarding the credibility of a witness that is based on that witness' demeanor or appearance without the record indicating the commission did not arbitrarily ignore and dismiss the deputy commissioner's finding. Id. at 382, 363 S.E.2d at 437.  This Court then concluded that if the commission reverses a deputy commissioner's decision that is mainly based on the credibility of a witness, "it should be evident from the record how the commission resolved the credibility issue consistent with the deputy's observations." Id. at 383, 363 S.E.2d at 438.  We find that Goodyear does not stand for the broad general proposition that Henry sets forth, and further that Goodyear is inapplicable to the present case in that it was not determined solely on the basis of Henry's credibility.

In addition, Henry's own testimony regarding what he told Dr. Curtis further supports the commission's finding. Henry attributed his depression to various factors other than the accident. Henry stated that he complained to Dr. Curtis about stress on the job, how he felt like he had no control, and how he felt about the pain he was experiencing. Henry further stated that he sought mental health counseling because of what he was going through at work, the pain he was experiencing, and his inability to work the way he used to work. While Henry testified that he had no symptoms of depression prior to the accident, nothing in Henry's testimony regarding his care with Dr. Curtis indicates a causal connection between his depression and the accident.

Since the record supports the commission's finding that the evidence failed to establish a causal connection between Henry's depression and the accident and it was not plainly wrong, we are bound by it.

### III.  CONCLUSION

Based on the foregoing, we hold that the commission did not err in finding that Henry's L4-L5 disc injury was causally related to the accident, nor did it err in finding that the medical treatment rendered by Dr. White was authorized and thus the County's responsibility. In addition, the commission did not err in finding a lack of causal connection between Henry's depression and the accident. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>